P. H. BURNETT, Respondent, v. J. R. TOLLES, Appellant.

No. 2027; October 25, 1869.

Pleading—Cross-complaint—Estoppel.—A Person Who Answers a Complaint, in an action against him, and then files a cross-complaint, cannot, after a judgment has been given in both suits, raise the point that he should not have been made a party to the action in the first place.

Appeal.—A Judgment That cannot Injure the Appellant in any respect is not to be reviewed on appeal.

APPEAL from Sixth Judicial District, Sacramento County.

J. K. Alexander for respondent; P. Dunlap for appellant.

SAWYER, C. J.—This is an action to recover certain lots of land in the city of Sacramento. The defendant, Tolles, denied the general allegation of title in plaintiff, and, also, denied that he was in possession. He then, as a cross-complaint, and for the purpose of affirmative relief, affirmatively set up title in himself, alleging that he had by certain conveyances obtained all the title which the plaintiff ever had in the lands in question; that his codefendant, Scott, was wrongfully in possession, and wrongfully withheld possession from him, and prayed for a judgment for the possession, and as against plaintiff, a judgment upon his title enjoining plaintiff from setting up any title against him, and for general relief. The cause having been tried by the court, the issues were determined in favor of the plaintiff and a judgment for possession of the premises rendered against the defendants. It is now claimed that there is no evidence tending to show that defendant, Tolles, was in possession himself; that, as landlord, he is not a proper party, and not being personally in possession the judgment should have been in his favor. For the purposes of this decision, it may be assumed that this view is correct when the landlord only takes issue on the allegations of the complaint. But in this case, defendant, Tolles, was not content with taking issue on the allegations of the complaint. He filed a cross-complaint, setting up title in himself, and asked affirmative relief, both as against the plaintiff and the defendant. The plaintiff, by answer to the cross-complaint, took issue upon it, and the issues were necessarily determined against the defendant, Tolles, or the judgment appealed from could not have been rendered. A mere judgment dismissing the plaintiff's action as to Tolles would not have disposed of the case as to him in view of the issues made on his cross-complaint, and determined. The judgment in effect, as it now stands, determines the title to be in plaintiff, and awards him possession of the land. He is entitled to the possession, and also to a judgment determining the question of title, as between him and Tolles. He gets by his judgment no more than he would if the judgment in terms had adjudged the title to be in him, as to both defendants, and awarded a recovery of the possession as against Scott, the defendant in possession. If there is any error in the form of the judgment, it is purely technical, without changing in any respect the

practical effect of the judgment. The consequences are precisely the same as if it were technically in due form. There is no way in which the appellant can be injured. The plaintiff having succeeded on the issue of title is entitled to his costs. We have often said that we would not review a judgment for error that can in no respect injure the appellant. In this case the plaintiff has got no more relief that he is entitled to in some form.

The second point is, that respondent proved no title to the premises, for the reason that there was wanting a deed from John A. Sutter, Jr., to John A. Sutter in the chain of title introduced. After averring title generally, the plaintiff specially alleges a grant from the Mexican government to John A. Sutter; the confirmation of the grant by the government of the United States; a patent from the United States to Sutter, and that by regular mesne conveyances from Sutter the property had been conveyed to plaintiff. The complaint is verified, and there is no attempt to deny these allegations. These admitted allegations show a title in plaintiff. The answer evidently did not intend to question this title, but the real defense contemplated by the answer was, that Tolles had acquired his title, which had thus been vested in plaintiff. And from the evidence it is apparent that Tolles relied upon title acquired through a tax sale. It is, therefore, of no consequence in the condition of the pleadings, whether the link in question was in evidence or not; for the title stood admitted on the record unless Tolles had acquired plaintiff's title. Besides there is no specification of this ground in the statement on motion for new trial. There was no reason for putting that deed into the statement, and for aught we can know, it was introduced in evidence.

The third point, in view of the numerous decisions respecting titles acquired by parties in possession through tax sales, the evidence in this case is frivolous.

The fourth point is untenable for reasons similar to those given in discussing appellant's second point, and the same answer applies to most of the points first filed by appellant's counsel.

There is nothing in the other points.

Judgment and order denying a new trial affirmed.

We concur: Crockett, J.; Rhodes, J.; Sprague, J.; Sanderson, J.